BULLARD *v.* WELCH *et ux.*

(Division A. Jan. 21, 1935.)

[158 So. 791.  No. 31531.]

**T. A. Clark**, of Iuka, for appellant.

James A. Cunningham, of Booneville, for appellees.

Cook, J., delivered the opinion of the court.

The appellant's minor daughter, who is now four years of age, has been in the possession and custody of his married daughter and her husband since she was nine days old, and he instituted this habeas corpus proceeding to recover the custody of this child.

Appellees, J. Q. Welch and his wife, Lena Welch, answered the petition, and alleged that the appellant abandoned the child when it was only nine days old, when, at the suggestion and request of both the appellant

and the child's mother in her dying moments, she was placed in the custody of the appellees with the distinct understanding that they should keep and rear her. The answer further averred that the appellees have had the care and custody of the child since she was nine days old; that during that period the appellant has contributed nothing to her; that all the natural instincts of love and affection and the binding ties of relationship have been fully established between the appellees and the child; that appellees were, in every way, fitted to render the tender care so necessary in the young life of a child, while the appellant is not fitted to give the child this care and attention; and that the best interest of the child would be served by her being permitted to remain in the possession and custody of the appellees.

Upon the proof offered, the trial judge found that, because of the extreme youth of the child, it would be for her best interest that she be permitted to remain with the appellees temporarily, or until she was sufficiently mature to be delivered into the care and custody of her father, or until his conditions have so changed that he can give her the proper care and attention; and from this judgment, this appeal is prosecuted.

On the hearing of the cause many of the neighbors of the respective parties were offered as witnesses, and from this evidence the following facts appear to be established without dispute: The appellant and the appellees live in the same neighborhood on small farms owned and cultivated by them, and they are honest, respected citizens, who have the respect and confidence of their neighbors and acquaintances. They live in farm homes which are reasonably comfortable and well kept, and they are of about equal financial ability to provide for the comfort of their families and the education of their children. At the time of the death of his wife, the appellant had several minor children, including two daughters, who then were about twelve and nine years

of age, respectively. In compliance with the request of his dying wife, appellant agreed that his married daughter, Mrs. Lena Welch, appellee herein, should take the custody and care of his infant daughter, who was then only nine days old. Since that time, Mrs. Welch and her husband have had the constant supervision and care of this infant, and have given it all the care and attention that any dutiful and devoted parents, situated as they were, would ordinarily bestow upon a child of their own.

In the meantime, the father of the infant has maintained his home and cared for his other minor children therein, and at the present time his home is kept by his two daughters who are now sixteen and thirteen years of age, respectively. The thirteen year old daughter attends school, but the older daughter does not. During all the years the infant has been in the custody of the appellees, the appellant has contributed only a small sum of money and some clothing, has visited the child frequently, and has occasionally had her in his own home for short periods of time.

If the request of the mother of this infant made on her deathbed, and the assent of the appellant thereto, be viewed as a contract for the disposition of the child, it was void as being against public policy. Hibbette v. Baines, 78 Miss. 695, 29 So. 80, 81, 51 L. R. A. 839. And we do not think it can be said, upon the facts stated above, that the father had abandoned the child, or that the appellees have clearly shown that, under the conditions existing in his home, the father is an unsuitable person to have the custody of his child. In the Hibbette v. Baines Case, supra, the court said: "Undoubtedly, the father has primarily, by law as by nature, the right to the custody of his children. This right is not given him solely for his own gratification, but because nature and the law ratifying nature assume that the author of their being feels for them a tenderness which will secure

their happiness more certainly than any other tie on earth. Because he is the father, the presumption naturally and legally is that he will love them most, and care for them most wisely. And, as a consequence of this, it is presumed to be for the real interest of the child that it should be in the custody of its father, as against collateral relatives, and he, therefore, who seeks to withhold the custody against the natural and legal presumption, has the burden of showing clearly that the father is an unsuitable person to have the custody of his child; or that, however moral a man he may be, he had abandoned his child, contributing nothing to its support, taking no interest in it, and permitting it to remain continuously in the custody of others, substituting such others in his own place so that they stand in loco parentis to the child, and continuing this condition of affairs for so long a time that the affections of the child and of the foster parents have become mutually engaged to the extent that a severance of this relationship would surely result in destroying the best interest of the child.''

Applying the principles announced in the Hibbette Case, supra, to the facts in the case at bar, we think the custody of the child should have been awarded to the father; and therefore the judgment of the court below will be reversed, and judgment entered here awarding the custody of the child to the appellant.

Reversed, and judgment here for the appellant.