DICKINSON, Presiding Justice,
concurring in part and dissenting in Part:
¶ 17. The majority’s decision to remand this case for a hearing is appropriate. But the only reason that, pending the outcome of that hearing, the child, Sha’Nyla Wilson, remains with her grandmother is that— with no legal right to do so — she' refused to turn the child over to her natural father. The natural-parent presumption has not been overcome, and this Court should not aid a third party who, with no legal right to do so, holds a child away from her natural parent. While the particular facts of this case may lead some to the personal view that Sha’Nyla would be “better off” with her grandmother and half-sibling while this case drags on, the precedent set today is remarkable and unsettling.
¶18. The law presumes that it is in Sha’Nyla’s best interest to be in the custody of her father.[7] And assuming this Court intends to maintain some semblance of stability, this long-recognized presumption applies no less to this Court than to the trial courts and litigants who come before them. So, had the majority began its analysis (as, it should have) with the presumption that it was in Sha’Nyla’s best interest to be in the custody of her father, why is the majority leaving her with a third party? ,
¶ 19. We, too, should respect and follow the law. But as of today, even though this Court has determined that the natural-parent presumption has not been overcome, the majority aids the grandmother in continuing to hold the child away from her natural father, who has been deprived of having his ehild for four years while this matter has crept through — and will continue 'to creep through — the courts. This ad hoc approach to' deciding eases based on personal .views of the facts rather than an impartial application of the law, is wrong.
*1001 ¶ 20. I would presume — as the law requires me to do — that it is in Sha’Nyla’s best interest to be in the custody of her. father. I would order that she immediately be transferred to her father’s custody, and that she remain in his custody unless and until the natural-parerit presumption is overcome.

. See Bullard V. Welch, 171 Miss. 833, 158 So. 791 (1935); Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81 (1931); Nickle v. Burnett, 122 Miss. 56, 84 So. 138 (1920); Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146 (1919); Hibbette v. Baines, 78 Miss. 695, 29 So. 80 (1900).